Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ISMAEL FORTUNA SANTANA<br><br>Peticionario | KLCE202500374 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Crim. Núm.: ISCR202400278 I1CR202400067<br><br>Por: Art. 404 Ley Sust. Cont., Art. 246 del CP (M.G.) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Luego de la correspondiente vista evidenciaria, el Tribunal de Primera Instancia ("TPI") denegó una solicitud de la defensa de suprimir cierta evidencia. Por las razones que se exponen a continuación, en el ejercicio de nuestra discreción, declinamos la invitación de la defensa a intervenir, en esta etapa, con la decisión recurrida.

I.

El Sr. Ismael Fortuna Santana (el "Imputado") fue acusado, en lo pertinente, de una violación a ley de sustancias controladas (posesión de "la sustancia controlada conocida por marihuana").

En julio de 2024, el Imputado presentó una *Moción en Solicitud de Supresión de Evidencia* (la "Moción"). Alegó que, mientras conducía un vehículo de motor, fue intervenido por un agente de la Policía (el "Agente"), y que, en la vista preliminar, este declaró que la intervención obedeció a que el Imputado no estaba usando el cinturón de seguridad, el vehículo tenía tintes y la tablilla no era legible. Sostuvo que el Agente declaró que ocupó el vehículo

luego de percibir olor a marihuana del interior del vehículo. Indicó que el Agente declaró que el Imputado se colocó en la boca marihuana y, además, que luego de colocar al Imputado en la patrulla, el Agente encontró una "moñita" de marihuana. El Imputado arguyó que el testimonio del Agente no merecía credibilidad por ser estereotipado y que, por tal razón, debía concluirse que el Agente no tenía "motivo fundado válido para intervenir" y arrestar al Imputado.

El Ministerio Público se opuso a la Moción; arguyó que el Agente "tenía el deber de intervenir y arrestar [al Imputado] en el momento preciso cuando lo observa en plena comisión de delito". También planteó que el Agente sí tenía "motivos fundados para intervenir [con], y posteriormente registrar," el vehículo.

El 10 de enero, el TPI celebró una vista evidenciaria como parte del proceso de adjudicar la Moción. En la misma declaró el Agente y se admitió evidencia documental y fotográfica.

Mediante una Resolución notificada el 11 de febrero (la "Decisión"), el TPI denegó la Moción. Como parte de sus determinaciones de hecho, el TPI encontró que el Agente había visto que el Imputado conducía el vehículo sin usar el cinturón de seguridad, pero que, al momento de acercarse al vehículo, el Imputado ya tenía puesto el cinturón. El Agente declaró que el Imputado debió habérselo puesto "luego de haberlo detenido".

El TPI indicó que el Agente percibió un olor a marihuana y que este le preguntó al Imputado si tenía licencia de cannabis medicinal, pero este contestó que la misma había vencido. El Agente le informó al Imputado que ocuparía el vehículo, pero este le contestó "no creo", "se montó en el vehículo y trató de cerrar la puerta lo cual le impidió el agente".

Añade el TPI que, "en ese momento, el ciudadano abrió una gaveta pequeña … e inclinó su cuerpo y cabeza hacia la gaveta y se

introduce en la boca lo que el agente vio que era una moña de marihuana". El TPI consignó que, "cuando el agente le reclamó al ciudadano que se comió la sustancia, este le contestó 'ya me la comí'", asunto que surgía del "audio del vídeo" tomado por la cámara del Agente ("body cam") durante la intervención. Luego de que el Imputado fue esposado y colocado en la patrulla del Agente, el TPI determinó que este logró sacar de su bolsillo del pantalón "más marihuana y que esta se le cayó dentro del carro oficial".

El TPI concluyó que el Agente "tuvo motivos fundados para intervenir con el [Imputado] por una infracción de tránsito y que, iniciada tal intervención, percibió el olor a marihuana", lo cual justificó el arresto y ocupación del vehículo. Ello sobre la base de la "credibilidad" que le mereció al TPI el testimonio del Agente, junto a su observación del vídeo y audio del "body cam".

El 25 de febrero, el Imputado solicitó la reconsideración de la Decisión, lo cual fue denegado por el TPI mediante una Orden notificada el 12 de marzo.

El 10 de abril, el Imputado presentó el recurso que nos ocupa, en el cual reproduce lo planteado en la Moción. El Imputado acompañó el recurso con copia de la regrabación de la vista evidenciaria y del video tomado por el *body cam* del Agente. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe

ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

## III.

Considerados los factores de la Regla 40, *supra*, hemos determinado, en ejercicio de nuestra discreción, denegar el auto solicitado. No es aconsejable nuestra intervención en esta etapa de los procedimientos, lo cual dilataría innecesariamente la solución final de este caso. Regla 40(E) y (F) de nuestro Reglamento, *supra*.

Resaltamos que, luego del correspondiente juicio, y si le resultase adverso el fallo, el Imputado estará en libertad de reproducir su planteamiento de error en apelación, por lo que tampoco estamos ante una situación en la que se requiera nuestra

intervención, en esta etapa, para evitar un fracaso de la justicia. Véase Regla 40(G) de nuestro Reglamento, *supra.*

IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones